*554
 
 Stewart, J.
 

 I concur in the judgment in case No. 31161 for the reasons that the lights on the premises of The American Fork & Hoe Company were placed there -on order of the Plant Security Division of the Fifth Service Command, United States Army; that they were placed and erected under the supervision of a competent workman furnished by the Worthington Company of Cleveland, which was employed to make the installation; and thaf there was no evidence of negligence in the manner in which they were maintained in the early morning of September 2, 1944.
 

 <As to case No: 31153, I do not concur in the final judgment entered in favor of The New York Central Railroad Company but am of the opinion that the judgment of the Court of Appeals 'should be reversed and th'e cause remanded. If a person has an unobstructed, clear view of a train approaching a grade crossing and he drives upon the crossing and is struck by the' train and there is no circumstance to explain or excuse his failure to see the approach of the train, he is guilty of negligence directly contributing to his injury or death as a matter of law. However, when there are special conditions which can prevent a person from having a chance to see or have knowledge of the approach of a train, then the question of his negligence is for the jury.
 

 I am of the opinion that the floodlights upon the premises of The American Fork & Hoe Company constituted such a special condition and made the question of the railroad company’s liability a jury issue. However, I am of the opinion that there was prejudicial error in the trial of the case in the admission of some of the testimony with reference to the effect of these lights on various people, as well as the testimony relating to the existence of correspondence of the mayor of Geneva concerning the installation of flasher lights at the.crossing.